[Civil No. 2971. Filed April 13, 1931.]

[297 Pac. 860.]

J. S. McNEISH, Appellant, v. EDWARD H. KOLB, Appellee.

Mr. D. C. Pace and Messrs. Sutter & Gentry, for Appellant.

Mr. J. T. Kingsbury, for Appellee.

LING, Superior Judge.—This action was brought by appellee, plaintiff below, to quiet his title to certain unpatented placer mining claims. Appellant, defendant below, answered denying plaintiff's title and setting up his ownership in a like number of claims, differently named, but covering substantially the same ground. The case was tried to the court, who made findings of fact upon which judgment was entered quieting plaintiff's title. The present appeal resulted.

The facts found are as follows:

"That on the 29th day of September, 1928, R. M. Kolb, A. W. Ringhoff, H. A. Stearns, R. Vogel, D. T. Tracy, M. Powers, E. H. Kolb, S. L. Stearns, F. Powers, and F. J. Lucas, entered upon the lands and premises known as Morning Star, Morning Star Nos. 1, 2, 3, 4, 5, 15, 16, 17 and 18 placer mining claims, which were then and there a part of the vacant and unappropriated mineral and placer lands of the United States of America;

"That said parties aforesaid did on said date discover valuable placer marble on said claims and each of said claims aforesaid, and did on said date locate said claims and each of them as placer marble claims as provided by the laws of the State of Arizona and the United States;

"That thereafter said parties by mesne conveyances did convey all their right and title to said above described placer claims to the plaintiff herein, and said plaintiff is now the owner and entitled to the possession of same;

"That by virtue of a judgment for debt, in favor of J. S. McNeish and against the Dragoon Marble and Mining Company, a corporation, for $2,527.34, the Sheriff of Cochise County, Arizona, did sell to J. S. McNeish, and did thereafter give to the said J. S. McNeish a Sheriff's Deed to certain alleged mining claims, known as the Porter, Trouble, Clara, Drew, Mack, Dwight, Florence, Lowell, Bisbee, which said alleged claims covered substantially the same ground as the mining claims of the said plaintiff herein; that said J. S. McNeish did do and perform $100.00 worth of annual work and labor on each of said last named alleged placer mining claims for the years 1927 and 1928; that no valid locations of said last named and alleged mining placer claims were made at any time by defendants or their grantors on discovery of mineral or placer marble, and said last mentioned and alleged claims were not monumented and the things required by Title XXXIV of the Laws of 1913 of the State of Arizona, were not done and performed by said defendants or their grantors and predecessors in interest."

The defendant contends that he should have had judgment quieting his title, because the court found

that his annual work for the years 1927 and 1928 had been performed, and the property, therefore was not subject to location on the twenty-ninth day of September, 1928. He insists this was the sole question for the court's determination, and, from our examination of the record, we find his position to be well taken. While it is true the defendant introduced no evidence showing a valid location of the claims by his predecessors in interest, and assuming, in an action of this character, such proof to be indispensable ordinarily, we find such necessity removed in this case by declarations of plaintiff's counsel, as to what in his opinion was the only controversial question, and the acceptance of his theory by the court and opposing counsel.

The following excerpts from the record indubitably show that the only question submitted to the court for determination was, Had the defendant performed the required annual work? and that the scope of the inquiry was limited to this one issue by the plaintiff himself.

During the cross-examination of plaintiff's witness R. M. Kolb, who appears to have been one of the original locators of the property in 1917, and again one of the locators in 1928, we find the following:

"The Court: I don't see the materiality of the claims filed in 1917.

"Mr. Pace: He stated, your Honor, that he had built those monuments in 1917. Now I am asking him if he placed notices in there at that time of the location of those claims and for whom?

"Mr. Kingsbury: Then I object to that question on the ground that it is irrelevant and immaterial if the claims were ever located. The only point in this case is the validity of the locations made by Mr. Kolb as agent for the locators of the Morning Star Group on September 29, 1928.

"The Court: As I get the point in the case at the present time, the real crux so far is whether that ground was open to location at that time.

"Mr. Pace: I am only taking his pleadings: I can prove by the witness that he knew definitely that he, back in 1917, relocated these claims, posted notices on them, knew the assessment work had been done up until the year 1925 under his direction and control. It certainly would be appropriate at this time to show that he knew at the time he made these locations that he wasn't locating unappropriated, vacant public domain.

"The Court: The point is this, Mr. Pace, the land might have been covered by a valid location in 1920 or 1917 or 1921, that wouldn't have any bearing on whether the work was or was not done and the locations properly made for the year 1928.

"Mr. Kingsbury: We stand on the one proposition; that no annual work by McNeish or the Dragoon Marble and Mining Company was done on this group of claims in question between July 1, 1927, and July 1, 1928, or until we located it. Now we stand on that proposition. We don't say that the work was done in 1917 or 1918, it would be immaterial if he done ten million dollars worth of work in 1925.

"The Court: I sustain the objection."

Plaintiff admits the authenticity of the record, but insists that notwithstanding defendant should have offered proof of valid locations by his predecessors in interest. He has not, however, cited us to any authority supporting so novel a proposition, nor can we conceive that such exists.

An analogous situation arose in *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461, in which Judge LEWIS, speaking for the court, delivered an opinion from which we quote:

"There is an abundance of authority, and it is a familiar rule of appellate practice, that a party will not be permitted on appeal to abandon the theory of a case to which he has assented upon the trial and substitute another. The reason of the rule is to be found in the injustice of permitting a case, tried and determined on assumptions adopted and acquiesced

in as proper by both parties and followed by the court, to be retried upon appeal without regard thereto. In the trial of a cause, the admissions of counsel are constantly received and acted upon. In fact, as bearing upon the issue involved, admissions of counsel may be the ground of the court's procedure equally as if established by the clearest proof."

The court's finding that defendant had performed the required assessment work is supported by substantial evidence, and, the inquiry having been limited to a consideration of this question alone, judgment should have gone for him.

The judgment of the lower court is reversed, and the cause remanded to the superior court of Cochise county, with directions to enter judgment for the defendant.

McALISTER, C. J., and ROSS, J., concur.

Judge LOCKWOOD having announced his disqualification in the above cause, the Honorable DAVID W. LING, Judge of the Superior Court of Greenlee county, was called to sit in his stead.